IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEXAS GUARANTEED STUDENT LOAN CORPORATION, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:09-CV-824-O |
| EXPRESS MOVING, L.L.C., | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Default Judgment ("Pl.'s Mot.") filed June 23, 2009 (Doc. # 11). Having reviewed the Plaintiff's motion, the relevant filings, and the applicable law, the Court finds that Plaintiff's Motion for Default Judgment should be, and hereby is, **GRANTED.**

**I.  Entitlement to a Default Judgment**

Plaintiff seeks a default judgment for actual damages and attorney's fees. *Pl.'s Mot.* at 2. A default judgment is committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). However, the Fifth Circuit has held that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Based on that legal premise, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).

1

A district court in the Fifth Circuit looks to the following six factors when considering whether to grant a default judgment: (1) if the default was caused by a good faith mistake or excusable neglect; (2) if there has been substantial prejudice; (3) the harshness of a default; (4) if there are material issues of fact; (5) if grounds for a default judgment are clearly established; and (6) if the court would think it was obligated to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998) (holding that a district court did not commit an abuse of discretion when denying a motion for default judgment when the factors on balance weighed against granting the motion).

Defendant has failed to appear and defend the suit as required by law. Through its failure to appear, Defendant has, by default, admitted the Plaintiff's well-pleaded allegations of fact. *See, e.g. Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In light of these admissions, there are no remaining material issues of fact in this case. A review of the record shows that the grounds for the default judgment are clearly established. Thus, the Court is satisfied that the procedural prerequisites to entering default judgment are satisfied. Having determined that entry of a default judgment is proper in this case, the Court must determine the proper measure of damages.

**II.     Damages**

The Federal Rules of Civil Procedure provide that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. FED. R. CIV. P. 54(c). In other words, the relief prayed for in a complaint cabins the relief available on default judgment. Here, Plaintiff submitted records and an affidavit in support of its suit on a withholding wage order. *Pl.'s Amended Original Compl.* Ex. A. B, and C (Doc #4). In its Motion, Plaintiff

requests the Court enter judgment for actual damages in the amount of $5,472.00 and reasonable and necessary attorney's fees in the amount of $405.00.  *Pl.'s Mot.* Ex. A and B (Doc #11).

    a. Actual Damages

Plaintiff has provided an affidavit supporting the actual damages requested.  Doc. #11 at Ex. A.  Defendant failed to withhold and forward to Plaintiff fifteen percent of its employee's disposable pay, as required by the wage withholding order.  *Id.*  $5,472.00 represents the amount the Defendant should have withheld and forwarded to Plaintiff.  *Id.*

    b. Attorney's Fees

Pursuant to 20 U.S.C. 1095a(a)(6), the guaranty agency may "sue the employer in a State or Federal court of competent jurisdiction to recover, any amount that such employer fails to withhold from wages due an employee following receipt of such employer of notice of the withholding order, plus attorneys' fees."  *See* 20 U.S.C. 1095a(a)(6).

Plaintiff asks the Court to award $405.00 for attorney's fees incurred for prosecuting this action.  Plaintiff's attorney, Dough W. Ray, submitted an affidavit attesting he spent 2.70 hours prosecuting this action.  Doc. #11 Ex. B p. 1.  Plaintiff's attorney also attested to the reasonableness of the fee, and stated that the fee is one "customarily charged in this area for the same or similar services for an attorney with my experience, reputation, and ability, considering the nature of the controversy, the time limitations imposed, the results obtained compared with results in similar cases, and the nature of the length of my relationship with Plaintiff."  Doc. #11 Ex. B p. 2.  The Court finds that $405.00 represents a reasonable amount of attorney's fees incurred in connection with Plaintiff's counsel's work on this case. Accordingly, the Court hereby awards Plaintiff $405.00 in reasonable attorney's fees incurred.

### III.     Conclusion

Based on the foregoing analysis, the Court concludes that the Plaintiff's Request for Entry of Default and Motion for Default Judgment should be **GRANTED**.  Accordingly, the Court will enter a final judgment consistent with its findings herein.

**SO ORDERED** on this **26th** day of **February 2010.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**